**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6463

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY WILLIAM STEWART,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (3:01-cr-00011-2)

Submitted: July 23, 2007            Decided: August 17, 2007

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Remanded by unpublished per curiam opinion.

Terry William Stewart, Appellant Pro Se. Anne Magee Tompkins, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry William Stewart appeals the district court's orders (1) denying his Fed. R. Civ. P. 59(e) motion to alter or amend the court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of his criminal judgment; and (2) denying his motion for adjustment of restitution payments pursuant to 18 U.S.C. § 3572 (2000). In criminal cases, the defendant must file a notice of appeal within ten days of the entry of judgment.[1] Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). These time periods are mandatory and jurisdictional. United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991).

With respect to Stewart's appeal of his Rule 59(e) motion, it was incumbent upon Stewart to file his notice of appeal within ten days of the March 6, 2007 order, i.e., by March 20, 2007. See Fed. R. App. P. 26(a)(2) (providing that intermediate Saturdays, Sundays, and legal holidays are excluded when period is less than eleven days). The district court could have extended the time within the next thirty days, or until April 19. Fed. R. App.

---

[1]Although Stewart filed his Rule 59 motion and underlying Rule 60 motion pursuant to the Federal Rules of Civil Procedure, the civil rules do not apply to the criminal judgment. The motions were clearly criminal in nature and therefore the ten-day appeal period is applicable.

P. 4(b)(4).  By Stewart's own account, the notice of appeal was filed at the earliest on March 23, 2007.[2]  In his notice of appeal, Stewart claimed that he did not receive a copy of the denial of his motion; rather, he learned of the denial from his wife who observed the denial on the case docket on the internet.

With respect to Stewart's appeal of the court's March 13, 2007, order denying his pro se motion under § 3572 for adjustment of restitution payments, it was incumbent upon Stewart to file his notice of appeal by March 27, 2007.  Stewart filed his notice of appeal at the earliest on April 6, 2007, within the thirty-day period after expiration of the ten-day appeal period.  In his notice of appeal, Stewart claimed he did not receive his copy of the order until March 23, 2007.

Because Stewart filed both notices of appeal after the ten-day appeal period but within the excusable neglect period, we remand the case to the district court for the court to determine whether Stewart demonstrated excusable neglect or good cause warranting an extension of the ten-day appeal period.  The record as supplemented with the district court's findings on remand will then be returned to this court.  We dispense with oral argument because the facts and legal contentions are adequately presented in

_____

[2]Because Stewart is incarcerated, the filing date is determined pursuant to Houston v. Lack, 487 U.S. 266, 276 (1988).

the materials before the court and argument would not aid the decisional process.

REMANDED